

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

HENRY BOYD, JR.; DOROTHY　　　　　　　　　　　　　　　　PLAINTIFFS
BISHOP; and KAREEM EL-AMEEN,
individually and on behalf of all others
similarly situated

VS.　　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 3:06CV548 HTW-LRA

HALEY BARBOUR, GOVERNOR OF THE STATE
OF MISSISSIPPI; JIM HOOD, ATTORNEY
GENERAL OF THE STATE OF MISSISSIPPI;
and ERIC CLARK, SECRETARY OF STATE OF
MISSISSIPPI, members of the Mississippi State Board of
Election Commissioners; LUCY CARPENTER, Circuit
Clerk and Registrar for Marshall County, Mississippi;
ANGIE MCGINNIS, Circuit Clerk and Registrar for
Oktibbeha County, Mississippi; ROGER GRAVES,
Circuit Clerk and Registrar for Pike County, Mississippi,
on behalf of himself and all others similarly situated; and
AUDREY JENKINS, ARTIST ROBBINS, SHIRLEY
FITZGERALD, MELODY WHITE, and LYNN WELLS,
members of the PIKE COUNTY, MISSISSIPPI BOARD
OF ELECTION COMMISSIONERS, on behalf of
themselves and all others similarly situated　　　　　　　　　　　　DEFENDANTS


## COMPLAINT

### JURISDICTION AND VENUE

1.　　This is an action for declaratory, equitable, and injunctive remedy brought pursuant to 28 U. S. C. § 1331, 1343, 2201, 2202, and 2284, and 42 U. S. C. 1973, 1973c, 1983, and 1988, and the 14th and 15th Amendments to the United States Constitution. The jurisdiction of this Court

invoked pursuant to 28 U. S. C. § 1331, 1343, 2201, 2202, and 2284, and 42 U. S. C. 1973, 1973c, and 1983, and the 14th and 15th Amendments to the United States Constitution.

2. Venue is appropriate in the United States District Court for the Southern District of Mississippi because some of the federal statutory and constitutional violations occurred in this district.

## PARTIES

3. Plaintiffs are adult African-American citizens, residents, and registered voters in the following counties, circuit court and chancery court districts in the State of Mississippi:

| Plaintiff's Name | County of Residence and Registration | Chancery/Circuit Dist. |
|---|---|---|
| Henry Boyd, Jr. | Marshall County | 3rd Circuit Court Dist. <br> 18th Chancery Court Dist. |
| Dorothy Bishop | Oktibbeha County | 16th Circuit Court Dist. <br> 14th Chancery Court Dist. |
| Kareem El-Ameen | Pike County | 14th Circuit Court Dist. <br> 4th Chancery Court Dist. |

4. Plaintiffs bring this action individually and, pursuant to *Fed. R. Civ. P. 23(a) and (b)*, a class action on behalf of themselves and all others similarly situated, with the class defined as "all present and future black citizens and black registered voters of the State of Mississippi." The class is so numerous that joinder of all members is impracticable, there are questions of law and fact common to the class, the claims or defenses of the representative parties are typical of the claims or defenses of the class, the representative parties will fairly and adequately protect the interests of the class, the party opposing the class has acted or refused to act on grounds generally applicable to the class, the questions of law or fact common to the members of the class predominate over any

questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Defendant, Honorable Haley Barbour, is the Governor of the State of Mississippi and a member of the State Board of Election Commissioners. This defendant is sued in his official capacity only as a member of the State Board of Election Commissioners, and this defendant may be served with the process of this Court at the Office of the Governor of the State of Mississippi, Jackson, Mississippi.

6. Defendant, Honorable Jim Hood, is the Attorney General of the State of Mississippi and a member of the State Board of Election Commissioners. This defendant is sued in his official capacity only as Attorney General and member of the State Board of Election Commissioners, and this defendant may be served with the process of this Court at the Office of the Attorney General for the State of Mississippi, Jackson, Mississippi.

7. Defendant, Honorable Eric Clark, is the Secretary of State for the State of Mississippi and a member of the State Board of Election Commissioners. This defendant is sued in his official capacity only as Secretary of State and member of the State Board of Election Commissioners, and this defendant may be served with the process of this Court at the Office of the Secretary of State for the State of Mississippi, Jackson, Mississippi.

8. Defendant, Lucy Carpenter, is an adult resident citizen of and the Circuit Clerk and Registrar of voters for Marshall County, Mississippi. This defendant is being sued in her official capacity only.

9. Defendant, Angie McGinnis, is an adult resident citizen of and the Circuit Clerk and Registrar of voters for Oktibbeha County, Mississippi. This defendant is being sued in her official

capacity only.

10. Defendant, Roger Graves, is an adult resident citizen of and the Circuit Clerk and Registrar of voters for Pike County, Mississippi, who is being sued in his official capacity as Circuit Clerk and Registrar of voters and in his representative capacity as a defendant class representative with the defendant class defined as "all circuit clerks and voting registrars in the State of Mississippi." The class is so numerous that joinder of all members is impracticable, there are questions of law and fact common to the class, the claims or defenses of the representative parties are typical of the claims or defenses of the class, the representative parties will fairly and adequately protect the interests of the class, the party opposing the class has acted or refused to act on grounds generally applicable to the class, the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. This defendant may be served with the process of this Court at the Pike County Courthouse in Magnolia, Mississippi.

11. Defendants, Audrey Jenkins, Artist Robbins, Shirley Fitzgerald, Melody White, and Lynn Wells, are members of the Pike County, Mississippi Board of Election Commissioners and all adult resident citizens of Pike County, Mississippi, who are being sued in their official capacities as members of the Pike County, Mississippi Board of Election Commissioners, and in their representative capacities as defendant class representatives with the defendant class defined as "all county election commissioners in the State of Mississippi." The class is so numerous that joinder of all members is impracticable, there are questions of law and fact common to the class, the claims or defenses of the representative parties are typical of the claims or defenses of the class, the

4

representative parties will fairly and adequately protect the interests of the class, the party opposing the class has acted or refused to act on grounds generally applicable to the class, the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. These defendants may be served with the process of this Court at the Pike County Courthouse in Magnolia, Mississippi.

## FACTS

12. Mississippi has a long history of official discrimination against African American citizens and voters.

13. Voting in Mississippi is racially polarized with a majority of white voters voting for white candidates for public office and a majority of black voters voting for black candidates for public office, with the racially polarized voting of white voters being statistically significant.

14. Black voters in Mississippi are politically cohesive.

15. The use of unusually large election districts, a majority vote requirement, and anti-single shot voting provisions such as the numbered post feature in elections for chancery court and circuit court judges in the State of Mississippi enhance the opportunity for discrimination.

16. African Americans in Mississippi still suffer from the lingering effects of racial discrimination in socio-economic characteristics such as education, income, housing, and transportation, and there are socio-economic disparities between blacks and whites in the State of Mississippi in the areas of education, income, housing, and transportation.

17. A greater percentage of black Mississippians than white Mississippians live below the federal poverty line.

18. Blacks have been elected to public office from single-member majority black districts and multi-judge circuit court districts that did not use the numbered post but allowed voters to single-shot their votes.

19. The policy of multi-judge chancery and circuit court judicial districts in Mississippi is tenuous.

20. The total population for the State of Mississippi according to the 2000 Federal Decennial Census is 2,824,156 persons, of whom 1,716,444 (or 60.8%) are white and 1,030,075 (or 36.5%) are black.

21. This Court entered a Final Judgment of Three-Judge District Court in *Kirksey v. Mabus*, civil action number J85-0960(B), on December 29, 1988 allowing single shot voting, establishing a formula for determining winners of judicial elections which was codified was codified by the Mississippi Legislature in 1994 as *§§ 23-15-982, 983 & 984, Miss. Code Ann. (Supp. 1994)*, and enjoining use of the numbered post feature for the election of chancery and circuit court judges in the following chancery and circuit court districts:

    a.    1st Chancery Court District

    b.    3rd Chancery Court District

    c.    6th Chancery Court District

    d.    7th Chancery Court District

    e.    9th Chancery Court District

    f.    10th Chancery Court District

    g.    11th Chancery Court District

    h.    12th Chancery Court District

    i.  14th Chancery Court District

    j.  16th Chancery Court District

    k.  18th Chancery Court District

    l.  1st Circuit Court District

    m.  2nd Circuit Court District

    n.  3rd Circuit Court District

    o.  4th Circuit Court District

    p.  5th Circuit Court District

    q.  9th Circuit Court District

    r.  15th Circuit Court District

    s.  16th Circuit Court District

    t.  17th Circuit Court District

    u.  19th Circuit Court District, and

    v.  20th Circuit Court District.

  22. This Court in *Martin v. Allain*, 658 F. Supp. 1183 (S. D. Miss. 1987), found that the following multi-member election districts violated Section 2 of the Voting Rights Act of 1965, *42 U. S. C. § 1973*, and the Court in *Martin v. Mabus*, 700 F. Supp. 327 (S. D. Miss. 1988), ordered single-member elections in sub-districts for each of the districts thereby remedying the Section 5, *42 U. S. C. § 1973c*, problems for these districts:

    a.  5th Chancery Court District

    b.  7th Chancery Court District

    c.  9th Chancery Court District

        d.      11th Chancery Court District

        e.      4th Circuit Court District

        f.      7th Circuit Court District, and

        g.      11th Circuit Court District.

23. In 1994, the Mississippi Legislature enacted a redistricting plan that was administratively precleared that provided for single-member sub-election districts in the following multi-judge chancery and circuit court districts:

        a.      5th Chancery Court District

        b.      7th Chancery Court District

        c.      9th Chancery Court District

        d.      11th Chancery Court District

        e.      14th Chancery Court District

        f.      17th Chancery Court District

        g.      4th Circuit Court District

        h.      6th Circuit Court District

        i.      7th Circuit Court District

        j.      9th Circuit Court District, and

        k.      11th Circuit Court District.

24. Elections for chancery and circuit court judges in the following chancery and circuit court multi-member districts were conducted in 1994, 1998, and 2002 without the numbered post election feature and allowing single-shot voting with the winners of the elections being determined by *§ § 23-15-982, 983 & 984, Miss. Code Ann. (Supp. 2005)*:

      a.     1st Chancery Court District

      b.     3rd Chancery Court District

      c.     6th Chancery Court District

      d.     12th Chancery Court District

      e.     13th Chancery Court District

      f.     18th Chancery Court District

      g.     1st Circuit Court District

      h.     3rd Circuit Court District

      i.     5th Circuit Court District

      j.     10th Circuit Court District

      k.     14th Circuit Court District

      l.     15th Circuit Court District

      m.     16th Circuit Court District

      n.     17th Circuit Court District

      o.     20th Circuit Court District.

25. The Mississippi Legislature enacted S. B. 2339 in 2005 which was codified as Chapter 501, Laws of Mississippi 2005, a copy of which is attached hereto as Exhibit "2" and incorporated herein, authorizing the use of the numbered post election feature in each of the following chancery and circuit court districts and repealing *§ § 23-15-982, 983 & 984, Miss. Code Ann. (Supp. 2005)*, effective January 1, 2007:

      a.     1st Chancery Court District

      b.     3rd Chancery Court District

  c.  6th Chancery Court District

  d.  7th Chancery Court District

  e.  10th Chancery Court District

  f.  13th Chancery Court District

  g.  18th Chancery Court District

  h.  1st Circuit Court District

  i.  3rd Circuit Court District

  j.  5th Circuit Court District

  k.  10th Circuit Court District

  l.  14th Circuit Court District

  m.  15th Circuit Court District

  n.  16th Circuit Court District

  o.  17th Circuit Court District, and

  p.  20th Circuit Court District.

26. Section 22 of S. B. 2339 in 2005 which has been codified as Chapter 501, Laws of Mississippi 2005, expressly provides that the Act "shall take effect and be in force from and after January 1, 2007, provided it is effectuated under Section 5 of the Voting Rights Act of 1965, as amended and extended."

27. The United States Attorney General precleared S. B. 2339 on or about September 1, 2005, which is now codified as Chapter 501, Laws of Mississippi 2005 for use in judicial elections beginning January 1, 2007.

28. The Mississippi Attorney General rendered an opinion on January 28, 2006 requiring

the judicial elections in 2006 to be conducted under the provisions of S. B. 2339 passed by the Mississippi Legislature in 2005 which has been codified as Chapter 501, Laws of Mississippi 2005. A copy of the opinion is attached hereto as Exhibit "3" and incorporated herein.

29. On August 15, 2006, the Mississippi State Board of Election Commissioners, consisting of the Governor of Mississippi, the Attorney General of Mississippi, and the Secretary of State of Mississippi, approved ballots utilizing the numbered post feature to be used in the election for judicial candidates in the chancery and circuit court districts that had been enjoined by this Court order dated December 29, 1988. A true and correct copy of the ballots approved by the Mississippi State Board of Election Commissioners is attached hereto as Exhibit "4" and incorporated herein.

30. Neither the Mississippi Attorney General nor the Mississippi State Board fo Election Commissioners obtained administrative or judicial preclearance of the Attorney General's January 23, 2006 opinion letter or the ballots approved for the November, 2006 judicial elections utilizing the numbered post election feature.

31. The Mississippi Attorney General and the Mississippi State Board fo Election Commissioners have intentionally implemented unprecleared voting changes that adversely impact black voting strength in judicial elections for circuit and chancery court judgeships in the districts where an injunction is sought.

32. The district number, counties in each district, number of judgeships to be filled, total voting age population, black voting age population, black voting age population percentages, and black candidates for the chancery and circuit court districts that plaintiffs seek an injunction for are as follows:

| District No. | No. of Judges | Total VAP | Black VAP | Black VAP % | Black Candidate |
|---|---|---|---|---|---|

11

| District | | | | | |
|---|---|---|---|---|---|
| 1st Chancery (Alcorn, Union, Itawamba, Monroe, Pontotoc, Prentiss, Tishomingo, & Lee) | 4 | 198,061 | 31,452 | 15.88% | |
| 3rd Chancery (Desoto) | 3 | 77,005 | 8,132 | 10.56% | |
| 6th Chancery (Attala, Carroll, Choctaw, Kemper, Neshoba & Winston) | 2 | 72,881 | 23,855 | 32.73% | |
| 12th Chancery (Clarke & Lauderdale) | 2 | 70,517 | 23,971 | 33.99% | |
| 13th Chancery (Covington, Smith, Jefferson-Davis, Lawrence, & Simpson) | 2 | 65,097 | 21,041 | 32.32% | |
| 18th Chancery (Benton, Calhoun, Lafayette, Marshall, & Tippah) | 2 | 89,622 | 26,359 | 29.41% | |
| 1st Circuit (Alcorn, Lee, Itawamba, Monroe, Pontotoc, Prentiss, & Tishomingo) | 4 | 179,278 | 28,879 | 16.11% | |
| 3rd Circuit (Benton, Calhoun, Chickasaw, Union, Lafayette, Tippah, & Marshall | 3 | 122,279 | 34,146 | 27.92% | Shirley Byers |
| 5th Circuit (Attala, Carroll, | 2 | 77,980 | 27,407 | 35.15% | |

12

| | | | | | |
|---|---|---|---|---|---|
| Choctaw, Grenada, Montgomery, Webster, Winston) | | | | | |
| 10th Circuit (Clarke, Kemper, Lauderdale & Wayne) | 2 | 93,326 | 33,355 | 35.74% | |
| 14th Circuit (Lincoln, Pike, & Walthall) | 2 | 63,331 | 23,399 | 36.95% | Michael Shareef |
| 15th Circuit (Lamar, Lawrence, Jefferson-Davis, Pearl River, & Marion) | 2 | 101,761 | 20,683 | 20.33% | |
| 16th Circuit (Clay, Lowndes, Noxubee, & Oktibbeha) | 2 | 102,180 | 41,774 | 40.88% | Roy Perkins |
| 17th Circuit (Desoto) | 3 | 77,005 | 8,132 | 10.56% | |
| 20th Circuit (Madison & Rankin) | 2 | 138,746 | 32,583 | 23.48% | |

33. The defendants are implementing unprecleared voting changes regarding the above referenced elections for chancery and circuit court judges scheduled for Tuesday, November 7, 2006 in violation of the injunction rendered by the Three-Judge District Court in *Kirksey v. Mabus*, supra..

34. "District courts have an inherent authority to enforce their injunctions." *Parker v. Ryan*, 960 F. 2d. 543, 546 (5th Cir. 1992). A district court may enforce its injunction by holding a violator in civil contempt. "[C]ivil contempt is used to enforce, through coerciveness, compliance

13

with a court's order." *Petroleos Mexicanos v. Crawford Enterprises, Inc.*, 826 F. 2d 392, 400 (5th Cir. 1987). The plaintiffs can prove by clear and convincing evidence: (1) that the court's order was in effect, (2) it required the defendants to conduct judicial elections in accordance with the order unless voting changes had been precleared for use in the election, and (3) the defendants did not comply with the court order. *Petroleos Mexicanos v. Crawford Enterprises, Inc.*, supra, at 401.

## CAUSES OF ACTION

### COUNT I - 14TH AMENDMENT VIOLATION

35. The actions and inactions of the defendants, as mentioned above, in approving ballots, printing ballots, scheduling and holding elections, requiring a majority vote for election, preventing single-shot voting, and counting ballots utilizing the numbered post election feature for circuit and chancery court judge elections in 2006 violate rights secured to plaintiffs by the 14th amendment to the United States Constitution and 42 U. S. C. § 1983.

### COUNT II - SECTION 2 OF THE VOTING RIGHTS ACT OF 1965

36. The actions and inactions of the defendants, as mentioned above, in approving ballots, printing ballots, scheduling and holding elections and counting ballots utilizing the numbered post election feature for the 3rd, 14th, and 16th circuit court district elections in 2006 violate rights secured to plaintiffs by Section 2 of the Voting Rights Act of 1965, 42 U. S. C., § 1973.

### COUNT III - SECTION 5 OF THE VOTING RIGHTS ACT OF 1965

37. The actions and inactions of the defendants, as mentioned above, in approving ballots, printing ballots, scheduling and holding elections and counting ballots utilizing the numbered post election feature for circuit and chancery court judge elections in 2006 violate rights secured to plaintiffs by Section 5 of the Voting Rights Act of 1965, 42 U. S. C., § 1973c.

14

## CAUSATION AND REMEDY

38. As a direct results of the actions and inactions of the defendants, as mentioned above, the plaintiffs' rights secured to them by the 14th amendment to the United States Constitution and Sections 2 and 5 of the Voting Rights Act of 1965, as amended and extended, have been violated.

39. Plaintiffs are without a plain, adequate, or speedy remedy at law, and therefore request declaratory, injunctive, and other equitable relief including an award of attorney fees and litigation expenses.

**WHEREFORE, PREMISES CONSIDERED,** plaintiffs pray that the following relief be granted:

A. Convene a district court of three judges pursuant to *28 U. S. C. § 2284* and *42 U. S. C. § 1973c*.

B. Enter a declaratory judgment that S. B. 2339 codified as Chapter 501, Laws of Mississippi 2005 is a change in voting that has not been precleared for use in judicial elections in November, 2006, pursuant to Section 5 of the Voting Rights Act of 1965, *42 U. S. C. § 1973c*, and violates Section 5 of the Voting Rights Act of 1965, *42 U. S. C. § 1973c*, and the 14th Amendment to the United States Constitution.

C. Enter a declaratory judgment that S. B. 2339 codified as Chapter 501, Laws of Mississippi 2005, requiring the election for circuit court judges in the multi-judge 3rd, 14th, and 16th circuit court districts be by numbered post and a majority vote requirement and prohibiting single-shot voting violates Section 2 of the Voting Rights Act of 1965, *42 U. S. C. § 1973*.

D. Enter a temporary restraining order, preliminary injunction, and permanent injunction requiring that the election for chancery and circuit court judge in the following chancery and circuit

15

court districts be conducted pursuant to this Court's Order entered in *Kirksey v. Mabus*, civil action number J85-0960(B), on December 29, 1988 and *§ § 23-15-982, 983 & 984, Miss. Code Ann. (Supp. 2005)*:

1. 1st Chancery Court District
2. 3rd Chancery Court District
3. 6th Chancery Court District
4. 12th Chancery Court District
5. 13th Chancery Court District
6. 18th Chancery Court District
7. 1st Circuit Court District
8. 3rd Circuit Court District
9. 5th Circuit Court District
10. 10th Circuit Court District
11. 14th Circuit Court District
12. 15th Circuit Court District
13. 16th Circuit Court District
14. 17th Circuit Court District
15. 20th Circuit Court District.

E. Award plaintiffs their reasonable litigation costs and expenses, including a reasonable attorney's fee for prosecuting this motion.

F.     Grant plaintiffs general and equitable relief to which they are entitled.

This the 3rd day of October, 2006.

>Respectfully submitted,
>HENRY KIRKSEY, ET. AL.,
>PLAINTIFFS
>
>*/s/ Carroll Rhodes*
>CARROLL RHODES, ESQ., MSB # 5314
>LAW OFFICES OF CARROLL RHODES
>POST OFFICE BOX 588
>HAZLEHURST, MS 39083
>(601) 894-4323
>crhode@bellsouth.net
>
>DEBORAH A. MCDONALD, ESQ.
>521 MAIN STREET
>POST OFFICE BOX 2038
>NATCHEZ, MS 39121-2038
>(601) 445-5577
>attorneydmc@bellsouth.net
>
>LEONARD MCCLELLAN, ESQ.
>LEE & ASSOCIATES
>2311 WEST CAPITOL STREET
>JACKSON, MS 39209
>(601) 355-9895
>lass2311@aol.com
>
>CARMEN BROOKS, ESQ.
>707 MAIN STREET
>POST OFFICE BOX 448
>NATCHEZ, MS 39121
>(601) 445-5577
>cbrooks1@jam.it.com

STATE OF MISSISSIPPI

COUNTY OF _Copiah_

### AFFIDAVIT

This day personally came and appeared before me, the within named, _Rev. Martin Washington_, who, after being first duly sworn by me, stated on oath that he is an adult African-American citizen and registered voter of the United States of America and the State of Mississippi, and that all of the facts set forth and contained in the above and foregoing Complaint are true and correct.

WITNESS HIS SIGNATURE, this the _3rd_ day of October, 2006.

_Rev. Martin Washington_

SWORN TO AND SUBSCRIBED before me, this the _3rd_ day of October, 2006.

_Linda O. Keyser_
NOTARY PUBLIC

My Commission Expires:

_10-21-2008_

Mississippi Statewide Notary Public
My Commission Expires Oct. 21, 2008
Bonded Thru Stegall Notary Service