IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**HENRY BOYD, JR.; DOROTHY**                                                                 **PLAINTIFFS**
**BISHOP; and KAREEM EL-AMEEN,**
**individually and on behalf of all others**
**similarly situated**

**VS.**                                                     **CIVIL ACTION NO. 3:06cv548HTW-LRA**

**HALEY BARBOUR, GOVERNOR OF THE**
**STATE OF MISSISSIPPI; JIM HOOD,**
**ATTORNEY GENERAL OF THE STATE**
**OF MISSISSIPPI; and ERIC CLARK,**
**SECRETARY OF STATE OF MISSISSIPPI,**
members of the Mississippi State Board of
Election Commissioners; **LUCY CARPENTER,**
Circuit Clerk and Registrar for Marshall County,
Mississippi; **ANGIE MCGINNIS,** Circuit Clerk
and Registrar for Oktibbeha County, Mississippi;
**ROGER GRAVES,** Circuit Clerk and Registrar
for Pike County, Mississippi, on behalf of himself
and all others similarly situated; and **AUDREY**
**JENKINS, ARTIST ROBBINS, SHIRLEY**
**FITZGERALD, MELODY WHITE and**
**LYNN WELLS,** members of the **PIKE**
**COUNTY, MISSISSIPPI BOARD OF**
**ELECTION COMMISSIONERS,** on behalf of
themselves and all others similarly situated                  **DEFENDANTS**

**REPLY TO PLAINTIFFS' RESPONSE TO**
**DEFENDANTS' MOTION TO DISMISS COMPLAINT**

      **COMES NOW** the Defendants[1], Haley Barbour, Governor of the State of Mississippi,

Jim Hood, Attorney General of the State of Mississippi, and Eric Clark, Secretary of State of the

State of Mississippi [collectively referred to as "the State Defendants"], and file their Reply to

---

[1] Although the Mississippi Attorney General only represents those Defendants named herein, the arguments presented apply equally to all Defendants.

Plaintiffs' Response to Defendants' Motion to Dismiss Complaint.

## ARGUMENT

In response to the State Defendants' Motion to Dismiss, Plaintiffs assert that their claims are not subject to the standard of heightened pleading and that their Complaint satisfies the notice pleading requirement. The State Defendants do not seek a heightened pleading, only allegations respecting all the material elements necessary to sustain a recovery. See In re Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981) (finding that "[d]espite the liberality of modern rules of pleading, a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory"). The State Defendants' Motion to Dismiss challenges the legal sufficiency of Plaintiffs' claims and finds them wanting. See Stripling v. Jordan Production Co.,LLC, 234 F.3d 863, 873 (5th Cir. 2000); Crutcher v. Aetna Life Ins. Co., 746 F.2d 1076, 1080 n. 7 (5th Cir. 1984).

To state a claim for vote dilution under the Fourteenth Amendment, Plaintiff must plead (1) intentional discrimination; and (2) a resultant discriminatory effect. See Davis v. Bandemer, 478 U.S. 109, 127, 106 S. Ct. 2797, 2807-08 (1986); League of United Latin American Citizens v. North East Indep. Sch. Dist., 903 F. Supp. 1071, 1093 (W.D. Tex. 1995). In their Memorandum of Authorities in Support of their Motion to Dismiss, the State Defendants pointed out that Plaintiffs failed to plead direct or inferential allegations that related to either element of a Fourteenth Amendment claim.

To state a claim for vote dilution under Section 2, Plaintiff must plead that "(1) the racial group is sufficiently large and geographically compact to constitute a majority in a single-member district; (2) the racial group is politically cohesive; and (3) the majority vot[es]

2

sufficiently as a bloc to enable it . . . usually to defeat the minority's preferred candidate." League of United Latin American Citizens v. Perry, ____ U.S. ____, 126 S. Ct. 2594, 2614 (2006) (quoting Thornburg v. Gingles, 478 U.S. 30, 50-51, 106 S. Ct. 2752 (1986)) (internal quotations and other citations omitted).  In their Memorandum of Authorities in Support of their Motion to Dismiss, the State Defendants pointed out that Plaintiffs failed to plead direct or inferential allegations that related to Plaintiffs' racial group being sufficiently large and geographically compact to constitute a majority in a single-member district.

Responding to the State Defendants' notice that Plaintiffs failed to assert or plead any facts implying that the enactment of S.B. 2339 was motivated by discriminatory intent or that Plaintiffs' racial group is sufficiently large and geographically compact to constitute a majority in a single-member district, Plaintiffs' offered the following allegations: (1) Plaintiffs are Black; (2) Mississippi has a long history of official discrimination against Black voters; (3) voting is racially polarized , with Black voters being politically cohesive; (4) Blacks still suffer from the effects of invidious racial discrimination; (5) a greater percentage of Blacks live below the poverty level; (6) unusually large election districts, anti-single shot voting and the numbered post feature enhance the opportunity for discrimination; (7) the policy of multi-judge districts is tenuous; and (8) the voting changes adversely impact Black voting strength.  (Pl.s' Resp. to Mot. to Dis., p. 7.)

A review of these allegations plainly reveals that **none** of them directly or indirectly alleges that the enactment of S.B. 2339 was motivated by discriminatory intent or that Plaintiffs' racial group is sufficiently large and geographically compact to constitute a majority in the 3rd, 14th or 16th Circuit Court Districts.  Plaintiffs failure to plead any direct or inferential allegations

to an essential element of their Fourteenth Amendment and Section 2 claims is fatal to their cause.[2]

Notably, Plaintiffs do not and cannot dispute the fact that the enactment of S.B. 2339 received broad support from Black lawmakers or that the court in Martin v. Allain, 658 F. Supp. 1183, 1199 (S.D. Miss. 1987) (Barbour, J.), found that "[t]here was no purposeful discrimination and no intent to discriminate when the statutes creating, adding to, and maintaining (recodifying) the multi-member judicial districts and the post system of judicial elections were enacted." (Def.s' Memo. of Auth. in Supp. of Mot. to Dis., pp. 6-7.) Equally, Plaintiffs do not contest the fact that there exists no benchmark or basis for comparison between the prior election method and the potential results of the new numbered post method of elections. (Id. at 7-8.) No facts or evidence exist to show that S.B. 2339 will dilute Black voting strength in the contested districts. For the reasons stated herein, this Court should dismiss Plaintiffs' Fourteenth Amendment claim with prejudice.

As noted before, Plaintiffs do not contest that they have failed to allege that Plaintiffs' racial group is sufficiently large and geographically compact to constitute a majority in a single-member district in the challenged 3rd, 14th and 16th Circuit Court Districts. See Martin, 658 F. Supp. at 1201 (noting that such analysis is conducted district by district). Such failure is not surprising, given that the district court in Martin v. Allain found that in neither "the 3rd . . . [or] 16th Circuit Court Districts do blacks constitute a sufficiently large and geographically compact

---

[2]The State Defendants do not abandon their arguments that Plaintiffs' Section 5 claims should be dismissed. To the contrary, it appears that the U.S. Department of Justice's clarification or preclearance of the implementation of S.B. 2339 for the November 2006 elections requires the dismissal of Plaintiffs' Section 5 claims. After a hearing on Plaintiffs' Motion for Temporary Restraining Order, this Court informed the parties to contact the Court after the expiration of DOJ's 60-day period of review under Section 5.

group so that the district could be divided into two, single-member sub-districts of equal population one of which has a substantial black population and voting age majority." 658 F. Supp. at 1197.  The Court also noted that these districts were comprised of White majorities.  While the Court did not appear to look at the 14th Circuit Court District, the same could be said of that district.  (Complaint, ¶ 32, p. 13.)  For the reasons stated herein, this Court should dismiss Plaintiffs' Section 2 claims with prejudice.

    Wherefore, premises considered, the State Defendants respectfully requests that this Court GRANT the present Motion to Dismiss Complaint.

    Respectfully submitted, this the 6th day of November, 2006.

By:    JIM HOOD, ATTORNEY GENERAL
s/ Shawn S. Shurden
SHAWN S. SHURDEN, MSBN 99678
SPECIAL ASSISTANT ATTORNEY GENERAL
CIVIL LITIGATION DIVISION

*Counsel for the Defendants*

Civil Litigation Division
Office of Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Telephone:  (601) 359-3680

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

>Carroll Rhodes, Esq.
>crhode@bellsouth.net

>Deborah A. McDonald, Esq.
>attorneydmc@bellsouth.net

I hereby certify that I have mailed by United States Postal Service the forgoing document to the following non-ECF participants:

>Leonard McClellan, Esq.
>Lee & Associates
>2311 West Capitol Street
>Jackson, Mississippi 39209

>Carmen Brooks, Esq.
>Post Office Box 448
>Natchez, Mississippi 39121

>Tacey Clayton, Esq.
>Clayton Law Group
>Post Office Box 7053
>Tupelo, Mississippi 38802

>Jackson M. Brown, Esq.
>Oktibbeha County Board Attorney
>Post Office Box 57
>Starkville, Mississippi 39760-2257

>Wayne Dowdy, Esq.
>Pike County Board Attorney
>Post Office Box 30
>Magnolia, Mississippi 39652

This 6th day of November, 2006.

>>>s/ Shawn S. Shurden
>>>SHAWN S. SHURDEN